UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NATHANIEL JOHNSON, | 2:11-cv-01858-KJD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| KELLY, *et al.*, | |
| Defendants. | |

Before the court is *pro se* plaintiff Nathaniel Johnson's Second Request for Service of Process. (#17).

**Background**

Plaintiff filed his motion/application to proceed *in forma pauperis* (#1) on November 17, 2011. On February 22, 2012, the court issued an order screening the plaintiff's complaint, granting plaintiff's motion/application to proceed *in forma pauperis* (#1), and dismissing plaintiff's medical care claims. (#3). The court permitted plaintiff to file an amended complaint within thirty (30) days from the entry of the order. *Id.* The clerk filed plaintiff's complaint (#1-1) on the same day. (#4). On April 5, 2012, plaintiff filed a motion for service of process on the defendants pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d). (#7).

On April 10, 2012, the court entered an order dismissing two defendants, granting plaintiff's motion for service of process (#7), and ordering the clerk to "issue summons for defendants Terriquez, Kelly, Varner, Flippo, Suey, and Donahue and deliver same, along with six copies of the complaint (ECF No. 4), to the U.S. Marshal for service." (#8). The court also ordered that "[w]ithin twenty (20)

days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." *Id.*

On April 11, 2012, summons were issued as to the remaining defendants. (#9). Plaintiff identified each defendant by last name, stated that "the individual is employed at the Clark County Detention Center," and specified the position each defendant holds. On June 15, 2012, the summons were returned un-executed as to all the defendants. (#10-#15). On June 27, 2012, plaintiff filed a motion for extension of time for service of process. (#16). On June 28, 2012, plaintiff filed his second request for service on the defendants. (#17). The court granted plaintiff's motion for extension of time for service of process on June 29, 2012, extending the Rule 4(m) deadline to October 26, 2012. (#18).

**Second Request for Service of Process**

Plaintiff asserts that he has discovered the "P#'s," or badge numbers, for three of the unserved defendants, and submits these numbers as "more detailed identifying information" for these defendants. (#17). Plaintiff asserts that "if he is fortunate enough," once service of process is effectuated upon these three defendants, plaintiff will be able to obtain information regarding the identities of the remaining unserved defendants through discovery. *Id.* The plaintiff asks "that service again be attempted on these unserved defendants, and if service is not completed on all the defendants," that service be attempted on the three defendants that plaintiff provided the "P#'s" for. *Id.* As plaintiff has provided the court with more details regarding the identities of three of the unserved defendants in accordance with the court's order (#8), the court will order the U.S. Marshal to attempt service on these defendants again.

Accordingly and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Nathaniel Johnson's Second Request for Service of Process (#17) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the clerk shall issue summons for defendants Terriquez (#5302), Flippo (#5734), and Suey (#4284), and deliver same, along with three (3) copies of the complaint (#4), to the U.S. Marshal for service.  The clerk shall send to plaintiff three (3) USM-285 forms, one copy of the complaint and a copy of this order.  Plaintiff shall have **twenty (20) days** in which to furnish to the U.S. Marshal the required USM-285 forms. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

DATED this 12th day of June, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE