# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NATHANIEL JOHNSON, | 2:11-cv-01858-KJD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| KELLY, *et al.*, | **(Motion For Service #26)** |
| Defendants. | |

Before the court is *pro se* plaintiff Nathaniel Johnson's Motion Identifying Which Defendant Were Served and Which Were Not Served and Request That Service Again Be Attempted. (#26). No Opposition was filed.

**Background**

Plaintiff filed his motion/application to proceed *in forma pauperis* (#1) on November 17, 2011. On February 22, 2012, the court issued an order screening the plaintiff's complaint, granting plaintiff's motion/application to proceed *in forma pauperis* (#1), and dismissing plaintiff's medical care claims. (#3). The court permitted plaintiff to file an amended complaint within thirty (30) days from the entry of the order. *Id.* The clerk filed plaintiff's complaint (#1-1) on the same day. (#4). On April 5, 2012, plaintiff filed a motion for service of process on the defendants pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d). (#7).

On April 10, 2012, the court entered an order dismissing two defendants, granting plaintiff's motion for service of process (#7), and ordering the clerk to "issue summons for defendants Terriquez, Kelly, Varner, Flippo, Suey, and Donahue and deliver same, along with six copies of the complaint

(ECF No. 4), to the U.S. Marshal for service." (#8). The court also ordered that "[w]ithin twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." *Id.*

On April 11, 2012, summons were issued as to the remaining defendants. (#9). Plaintiff identified each defendant by last name, stated that "the individual is employed at the Clark County Detention Center," and specified the position each defendant holds. On June 15, 2012, the summons were returned un-executed as to all the defendants. (#10-#15). On June 27, 2012, plaintiff filed a motion for extension of time for service of process. (#16). On June 28, 2012, plaintiff filed his second request for service on the defendants. (#17). The court granted plaintiff's motion for extension of time for service of process (#16) on June 29, 2012, extending the Rule 4(m) deadline to October 26, 2012. (#18).

On July 12, 2012, the court issued an order granting in part and denying in part plaintiff's second request for service on the defendants (#17). (#20). The court stated that "[a]s plaintiff has provided the court with more details regarding the identities of three of the unserved defendants in accordance with the court's order (#8), the court will order the U.S. Marshal to attempt service on these defendants again." *Id.* The court ordered the clerk to "issue summons for defendants Terriquez (#5302), Flippo (#5734), and Suey (#4284), and deliver same, along with three (3) copies of the complaint (#4), to the U.S. Marshal for service." *Id.* On July 13, 2012, summons were issued as to Flippo, Suey, and Terriquez. (#21). On August 23, 2012, the summons for Terriquez (#5302) was returned un-executed, as the LVMPD would not accept service because the badge number and name did not match. (#22). On

the same day, the summons for Suey (#4284) and Flippo (#5734) were returned executed. (#23 and #23-1).

On September 11, 2012, defendants Flippo and Suey filed a motion for more definite statement. (#24). Plaintiff filed a reply on September 24, 2012. (#25). On October 1, 2012, plaintiff filed the instant motion and request for service to be attempted again. (#26).

**Motion For Service To Be Attempted Again**

Plaintiff asserts that on August 27, 2012, he received three "Process and Receipt and Return forms back from U.S. Marshals indicating that only defendants Flippo and Suey had been served, and that defendant Terriquez P# 5302 had not been served because "P# and name do not match."" (#26). Plaintiff states that he believes that the Marshals were "ill-informed," as a conduct adjustment report (#26 Exhibit A) prepared by officer Terriquez indicates that his badge number is 5302. *Id*. The plaintiff asks this court to order the Marshals to attempt service on officer Terriquez again or to issue a subpoena duces tecum on the LVMPD's Risk Management seeking officer Terriquez's full name and/or last known address. *Id.*

An incarcerated *pro se* litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2nd Cir. 1986); *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). In the court's July 12, 2012, order (#20), it stated that "[i]f plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." In the instant motion, plaintiff provides the court with the conduct adjustment report prepared by officer Terriquez demonstrating that his badge number is #5302. (#26 Exhibit A). The court will order the Marshals to attempt service again.

Accordingly and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Nathaniel Johnson's Motion Identifying Which Defendant Were Served and Which Were Not Served and Request That Service Again Be Attempted (#26) is GRANTED.

IT IS FURTHER ORDERED that the clerk issue summons for defendant Terriquez (#5302) and deliver same, along with one (1) copy of the complaint (#4) and one (1) copy of this order and attachments, to the U.S. Marshal for service.  The clerk must send to plaintiff one (1) USM-285 form, one copy of the complaint and a copy of this order.  Plaintiff will have **twenty (20) days** in which to furnish to the U.S. Marshal the required USM-285 form. To aid the LVMPD in identifying defendant Terriquez, the Marshals must serve, along with the summons and complaint, a copy of this order and the attached conduct adjustment report prepared by officer Terriquez (#26 Exhibit A).  Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, plaintiff must file a notice with the court stating if defendant Terriquez was served. If plaintiff wishes to have service again attempted on Terriquez, then a motion must be filed with the court stating the same or stating whether some other manner of service should be attempted.

DATED this 10th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

02-OCT-11 03:07 AM        LVMPD DETENTION SERVICES DIVISION            Page 1 of 1
                                CONDUCT ADJUSTMENT                     OFRCONAJ 6.04.4.1 NVIND

INMATE NAME: JOHNSON, NATHANIAL                    ID#: 0927335

DATE OF REPORT: 01-OCT-11

REPORTING OFFICER: TERRIQUEZ  5302

INCIDENT COMMENTS: On the above date while in the module office, Sergeant Kelly and myself heard loud kicking coming from cell 20 just before freetime was about to begin. As I began walking towards the cell I heard inmate Johnson #09??? screaming and saying to get him out of the module because he was tired of all the bullshit. When I confronted him at his door I asked him if he was refusing to house in the module (2-9) and he responded "yes, get me the fuck out of here. I don't care if I go to the hole." After handcuffing inmate Johnson and waiting for a movement officer, Johnson suddenly started to pull away from me while I was holding him and began to curse at Sergeant Kelly and myself because he was asked why he wanted out of the module. Inmate Johnson was then placed on the floor while continuing to move around and cursed at us (?3x) until Officer Aki arrived to assist Sergeant Kelly in escorting him to disciplinary housing with no further incident.

No Commissary

DISRUPTING THE MODULE

RE? ?????ENT ASSIGNED ?? OR INMATE

A HEARING WILL BE CONDUCTED ON OR AFTER 03-OCT-11

SEE POSTED INMATE RULES FOR AN EXPLANATION OF YOUR RIGHT TO REQUEST THAT WITNESSES BE CALLED. HEARING DATES MAY BE DENIED BY THE CHIEF OF DETENTION SERVICES OR HIS ASSIGNED DESIGNEE.

DELIVERED BY: KEISLY

DELIVERY DATE: 02-OCT-11

                                                              INMATE SIGNATURE