UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NATHANIEL JOHNSON,<br><br>          Plaintiff,<br><br>vs.<br><br>KELLY, *et al.*,<br><br>          Defendants. | 2:11-cv-01858-KJD-VCF<br><br>**ORDER**<br><br>**(Motion For Extension of Time #30, Motion Identifying Which Defendants Were Served #32, and Motion to Amend/Correct Complaint #35)** |

Before the court are *pro se* plaintiff Nathaniel Johnson's Motion For Extension of Time for Service of Process (#30) and Motion Identifying Which Defendant Were Served and Which Were Not Served and Request for Subpoena Duces Tecum (#32). No Oppositions were filed.

Also before the court is plaintiff's Motion to Amend/Correct Complaint. (#35). The court held a hearing on January 7, 2013.

**Background**

Plaintiff filed his motion/application to proceed *in forma pauperis* (#1) on November 17, 2011. On February 22, 2012, the court issued an order screening the plaintiff's complaint, granting plaintiff's motion/application to proceed *in forma pauperis* (#1), and dismissing plaintiff's medical care claims. (#3). The court permitted plaintiff to file an amended complaint within thirty (30) days from the entry of the order. *Id.* The clerk filed plaintiff's complaint (#1-1) on the same day. (#4). On April 5, 2012,

plaintiff filed a motion for service of process on the defendants pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d). (#7).

On April 10, 2012, the court entered an order dismissing two defendants, granting plaintiff's motion for service of process (#7), and ordering the clerk to "issue summons for defendants Terriquez, Kelly, Varner, Flippo, Suey, and Donahue and deliver same, along with six copies of the complaint (ECF No. 4), to the U.S. Marshal for service." (#8). The court also ordered that "[w]ithin twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." *Id.*

On April 11, 2012, summons were issued as to the remaining defendants. (#9). Plaintiff identified each defendant by last name, stated that "the individual is employed at the Clark County Detention Center," and specified the position each defendant holds. On June 15, 2012, the summons were returned un-executed as to all the defendants. (#10-#15). On June 27, 2012, plaintiff filed a motion for extension of time for service of process. (#16). On June 28, 2012, plaintiff filed his second request for service on the defendants. (#17). The court granted plaintiff's motion for extension of time for service of process (#16) on June 29, 2012, extending the Rule 4(m) deadline to October 26, 2012. (#18).

On July 12, 2012, the court issued an order granting in part and denying in part plaintiff's second request for service on the defendants (#17). (#20). The court stated that "[a]s plaintiff has provided the court with more details regarding the identities of three of the unserved defendants in accordance with the court's order (#8), the court will order the U.S. Marshal to attempt service on these defendants

again." *Id.* The court ordered the clerk to "issue summons for defendants Terriquez (#5302), Flippo (#5734), and Suey (#4284), and deliver same, along with three (3) copies of the complaint (#4), to the U.S. Marshal for service." *Id.* On July 13, 2012, summons were issued as to Flippo, Suey, and Terriquez. (#21). On August 23, 2012, the summons for Terriquez (#5302) was returned un-executed, as the LVMPD would not accept service because the badge number and name did not match. (#22). On the same day, the summons for Suey (#4284) and Flippo (#5734) were returned executed. (#23 and #23-1).

On September 11, 2012, defendants Flippo and Suey filed a motion for more definite statement. (#24). Plaintiff filed a reply on September 24, 2012. (#25). On October 1, 2012, plaintiff filed a motion and request for service to be attempted again. (#26). Plaintiff asserted in the motion that on August 27, 2012, he received three "Process and Receipt and Return forms back from U.S. Marshals indicating that only defendants Flippo and Suey had been served, and that defendant Terriquez P# 5302 had not been served because "P# and name do not match."" *Id.* Plaintiff stated that he believes that the Marshals were "ill-informed," as a conduct adjustment report (#26 Exhibit A) prepared by officer Terriquez indicates that his badge number is 5302. *Id.* The plaintiff asked this court to order the Marshals to attempt service on officer Terriquez again or to issue a subpoena duces tecum on the LVMPD's Risk Management seeking officer Terriquez's full name and/or last known address. *Id.*

The court entered an order granting the motion (#26) on October 11, 2012. (#27). The court held that since "plaintiff provide[d] the court with the conduct adjustment report prepared by officer Terriquez demonstrating that his badge number is #5302. (#26 Exhibit A)," '[t]he court will order the Marshals to attempt service again." *Id.*

The court ordered "that the clerk issue summons for defendant Terriquez (#5302) and deliver same, along with one (1) copy of the complaint (#4) and one (1) copy of this order and attachments, to the U.S. Marshal for service. The clerk must send to plaintiff one (1) USM-285 form, one copy of the

complaint and a copy of this order. Plaintiff will have twenty (20) days in which to furnish to the U.S. Marshal the required USM-285 form. To aid the LVMPD in identifying defendant Terriquez, the Marshals must serve, along with the summons and complaint, a copy of this order and the attached conduct adjustment report prepared by officer Terriquez (#26 Exhibit A). Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, plaintiff must file a notice with the court stating if defendant Terriquez was served. If plaintiff wishes to have service again attempted on Terriquez, then a motion must be filed with the court stating the same or stating whether some other manner of service should be attempted." *Id.*

Summons was issued as to Terriquez on October 11, 2012 (#28), and the court noted that copies of the court's order (#27) with attachments, the complaint (#4), and the summons (#28) were delivered to the USM. Plaintiff filed the instant motion to extend time for service on October 23, 2012. (#30). On October 30, 2012, the USM returned the summons as to Terriquez unexecuted. (#31). Plaintiff filed the instant motion identifying defendants that were served on November 28, 2012. (#32). The motion for extension of time (#30) was referred to the undersigned on December 3, 2012. On December 4, 2012, plaintiff filed a notice change of address to update his address to Ridge House Inc, 900 W. First St. Reno, NV 89503. (#33). The court issued a minute order on December 13, 2012, setting a hearing on the pending motions (#30 and #32) and permitting plaintiff to appear telephonically. (#34).

**Motion Identifying Which Defendants Were Served and Motion to Extend Time for Service**

    1.    **Arguments**

Plaintiff asks this court for an extension of time to serve defendants, as "good cause exists," plaintiff has been diligent, "every defendant named in this action has actual notice that this action exists," "plaintiff has attempted to have service of process effectuated," and plaintiff did not receive the screening order until one month after it was issued due to a mix up in the mailing address. (#30). Plaintiff argues in his motion identifying which defendants were served that it is his belief that the

4

LVMPD is "intentionally attempting to frustrate efforts of effective service of process." (#32). Plaintiff asserts even though the Conduct Adjustment Report proves that defendant Terriquez's badge number is #5302 (#26), the unexecuted summons reflect that "P#5302 Does Not Match Name" (#31). *Id.*

Plaintiff also asks this court to issue a "subpoena duces tecum on the LVMPD's Risk Management seeking Officer Terriquez's full name and/or last known address be provided to U.S. Marshals." *Id.* Plaintiff asserts that he has served upon the other defendants a request for production of documents in "which he is requesting more detailed identifying information documentation..." *Id.*

## 2. Relevant Law/Recommendation

"If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Federal Rule of Civil Procedure 4(m). The court finds that plaintiff has demonstrated "good cause," as he has been diligently trying to effectuate service on the defendants and there was a delay in receiving the court's screening order. Plaintiff's motion for extension of time (#30) is granted and the Rule 4(m) deadline is extended to March 9, 2013.

An incarcerated *pro se* litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2nd Cir. 1986); *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). The court inquired during the hearing why service was not accepted for Officer Terriquez in light of the conduct adjustment report prepared by Officer Terriquez demonstrating that his badge number is #5302. (#26 Exhibit A). Defense counsel stated that he was unaware of this document, despite it being filed by plaintiff.

Counsel represented to the court that if the court so ordered, he would accept service for the remaining defendants; Corrections Officer Terriquez, Sergeant Kelly, Corrections/Hearing Officer Varner, and Deputy Chief Donohue. The court will order the Marshals to re-serve the remaining defendants and defense counsel is ordered to accept service on their behalf. *If* the named defendants were not employed by the Clark County Detention Center during the relevant time period alleged in the complaint, defense counsel must file a notice with the court.

**Motion to Amend Complaint**

Defense counsel stated during the hearing that as plaintiff's original complaint (#4) is unclear, counsel filed the motion for more definite statement (#24) on September 11, 2012. On January 4, 2013, plaintiff filed the instant motion to amend/correct complaint (#35) and attached an amended complaint (#35-1). Counsel stipulated during the hearing to the granting of the motion to amend/correct the complaint (#35) and orally withdrew the motion for more definite statement (#24). The motion to amend/correct complaint (#35) is granted and the motion for more definite statement (#24) is stricken. Defendants must file a answer or other responsive pleading to plaintiff's amended complaint (#35-1) on or before February 11, 2013.

Defense counsel asked the court to permit the parties to conduct their Rule 26(f) conference via telephonic conference. Notwithstanding the scheduling order below, the parties are free to conduct a Rule 26(f) conference and exchange initial disclosures in accordance with Rule 26(a)(1)(A). *See* Fed. R. Civ. P. 26(a)(1)(A) and (f). Pursuant to Local Rule 16-1, "[i]n actions by or on behalf of inmates under 42 U.S.C. § 1983 or the principles of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and in forfeiture and condemnation actions, no discovery plan is required. In such cases, a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears." As this action is a prisoner civil rights action brought under §

1983 and defendants Suey and Flippo appeared on September 11, 2012 (#24), issuing a scheduling order is appropriate at this time.

Accordingly and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Nathaniel Johnson's Motion For Extension of Time for Service of Process (#30) and Motion Identifying Which Defendant Were Served and Which Were Not Served and Request for Subpoena Duces Tecum (#32) are GRANTED. The Rule 4(m) deadline is extended until March 9, 2013.

IT IS FURTHER ORDERED that plaintiff's Motion to Amend/Correct Complaint (#35) is GRANTED. The Clerk must detach and file the proposed amended complaint (#35-1).

IT IS FURTHER ORDERED that, in light of defendants orally withdrawing their motion for more definite statement (#24), the motion (#24) is hereby STRICKEN.

IT IS FURTHER ORDERED that the clerk issue summons for Corrections Officer Terriquez, Sergeant Kelly, Corrections/Hearing Officer Varner, and Deputy Chief Donohue and deliver same, along with four (4) copies of the AMENDED complaint (#35-1) and four (4) copies of this order, to the U.S. Marshal for service. The clerk must send to plaintiff four (4) USM-285 forms and a copy of this order. Plaintiff will have **twenty (20) days** in which to furnish to the U.S. Marshal the required USM-285 forms. Within **twenty (20) days** after receiving from the U.S. Marshal copies of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the court stating if the remaining defendants were served. If defense counsel is unable to accept service on behalf of one of the defendants, counsel must file a notice with the court. If plaintiff wishes to have service again attempted on any remaining defendants, then a motion must be filed with the court stating the same or stating whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that the following scheduling deadlines will apply:

1. DISCOVERY:  Pursuant to LR 16-1(b), discovery in this action shall be completed on or before one hundred and eighty (180) days from the date of this Order, or **July 6, 2013**

2. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed and served not later than ninety (90) days prior to the close of discovery, or **April 7, 2013.**  Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

3. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served not later than ninety (90) days prior to the close of discovery, or **April 7, 2013.**

4. Expert disclosures shall be made sixty (60) days before the discovery cut-ff date, or on or before **May 7, 2013**, and the disclosures of rebuttal experts shall be made thirty (30) days after the initial disclosures of experts, and not later than **June 6, 2013.**

5. Dispositive Motions shall be filed and served no later than thirty (30) days after the close of discovery, or **August 5, 2013.**

6. The Joint Pretrial Order is due thirty (30) days after the dispositive motions deadline, or on **September 4, 2013.**  If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.

7. The Interim Status Report shall be due sixty (60) days prior to discovery cut-off or **May 7, 2013.**

8. EXTENSIONS OF DISCOVERY:   Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause.  All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the date fixed for completion of discovery by this Scheduling Order, or at least twenty-one (21) days prior to the

expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

    (a)    A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

    (b)    A specific description of the discovery which remains to be completed;

    (c)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

    (d)    A proposed schedule for the completion of all remaining discovery.

9.    In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

10.    Any stipulation or motion for modifications or extension of the discovery plan and scheduling order must be made not later than twenty-one (21) days prior to the discovery cut-off date, and not later than **June 15, 2013.**

11.    In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

DATED this 8th day of January, 2013.

                                                                                    _____
                                                                                    CAM FERENBACH
                                                                                    UNITED STATES MAGISTRATE JUDGE