**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Nathaniel Johnson,

     Plaintiff

v.

Kelly, et al.,

     Defendants

**2:11-cv-01858-JAD-VCF**

**Order Granting Amended Motion for Summary Judgment, Entering Judgment for Defendants and against Plaintiff, and Closing Case**

[ECF No. 91]

Former pretrial detainee Nathanial Johnson contends that he was subjected to excessive force by Clark County Detention Center (CCDC) guards when he was handcuffed, pulled to the ground, and subdued with a knee in his back while being moved from general population to segregated housing.  He sues the guards for excessive force and their supervisors for acquiescing in his constitutional deprivation by not disciplining the guards, and he claims that he was deprived of procedural due process in the disciplinary hearing that followed the incident.[1]  On March 31, 2015, I granted defendants' motion for summary judgment on all claims, finding that the record did not support Johnson's excessive-force claim against the guards or his deliberate-indifference claim against their supervisors, and that Johnson's procedural-due-process claim is barred by his failure to fully exhaust the CCDC's grievance procedures.[2]

Johnson appealed my summary-judgment order to the Ninth Circuit.  On October 5, 2016, the Ninth Circuit vacated my grant of summary judgment on Johnson's excessive-force claim only and remanded this claim to me for re-evaluation in light of the United States Supreme Court's decision in *Kingsley v. Hendrickson*, which removed the subjective component from pretrial detainees' excessive-force claims.[3]  The defendants again move for summary judgment, arguing that the force

---

[1] ECF No. 37.

[2] ECF No. 75.

[3] ECF No. 83 (citing *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015)).

1    used was not excessive even under *Kingsley*'s objective-unreasonableness standard and that, even if

2    it were, the defendant officers are entitled to qualified immunity.  The time for response has passed

3    and Johnson, who is represented by counsel, filed none.  I find that the force used was not objectively

4    unreasonable, so I grant defendants' motion, re-enter judgment for defendants and against Johnson,

5    and close this case.[4]

6                                                    **Background**

7    **A.      The incident**

8            Nathaniel Johnson was a pretrial detainee in the CCDC in October 2011.[5]  Johnson contends

9    that he was having difficulty staying focused on preparing his criminal defense in his general-

10   population module, so he asked to be placed in administrative segregation.[6]  Officer Francisco

11   Terriquez and Sgt. Patrick Kelly were the only guards working in the module that day.  In response

12   to Johnson's request to be moved to segregation, Terriquez told Johnson to pack his things, and he

13   began to escort Johnson, handcuffed, through the general-population area where other, unsecured

14   inmates were walking around.[7]  Before they reached the exit door, Johnson was asked if he had any

15   commissary items in his belongings because they are prohibited in segregation.  Johnson admits he

16   responded, "You run the MF, look for yourself."[8]

17           As the soundless video of the incident[9] shows, Terriquez then moved Johnson to face a wall

18   near the exit to the module.  Thirty seconds later, the officers pulled Johnson onto his stomach on the

19   floor in a controlled maneuver and restrained him by placing pressure on his back using their knees

20

21   [4] I find this motion suitable for disposition without oral argument.  L.R. 78-1.

22   [5] *See generally* No. 37 (amended complaint).  I liberally construe all pro se motions and pleadings,
     including the documents that Johnson filed before retaining counsel.  *See Bernhardt v. L.A. Cty.*, 339

23   F.3d 920, 925 (9th Cir. 2003); *see also* ECF No. 45 (notice of appearance by attorney).

24   [6] ECF No. 62 at 27; *see also* ECF No. 70-1 at 52–53 (deposition transcript).

25   [7] The surveillance-video recording supports this fact.  ECF No. 62 at 57.

26   [8] ECF No. 65 at 16.

27   [9] *Id.* at 57.  The court carefully viewed the video (three times) with all counsel in the courtroom at

28   the January 12, 2015, motion hearing and made detailed notes.

1   as they kneeled over him on the ground.  Back-up promptly arrived, Johnson was brought to his feet,

2   and he was walked out of the module.  The entire incident—from the moment the officers grabbed

3   Johnson to when they released him—lasted approximately one minute and seven seconds.

4   **B.**      **Previous summary-judgment order**

5         In their first summary-judgment motion, defendants argued that Johnson could not prove his

6   excessive-force claim because Kelly and Terriquez used only the force necessary to restrain him and

7   prevent his hostile behavior to incite other unsecured inmates and that they enjoy qualified immunity

8   from his claims.[10]  I reviewed Johnson's allegations and evidence in light of the factors identified by

9   the Ninth Circuit in *White v. Roper*: "(1) the need for application of force; (2) the relationship

10   between that need and the amount of force used; (3) the extent of the injury inflicted; and (4) whether

11   force was applied in a good faith effort to maintain and restore discipline"[11] in order to determine

12   whether the force used amounts to punishment and was thus unconstitutionally excessive.[12]  I found

13   that the evidence, particularly defendants' sworn statements and the video of the incident, along with

14   Johnson's deposition testimony, even construed in the light most favorable to Johnson, did not

15   support his excessive-force claim.  I reasoned that "[t]he level of force used, as apparent on the video

16   of the incident and by the absence of serious injury, simply does not rise to the level of excessive

17   force necessary to state a constitutional violation."[13]  I therefore granted summary judgment on

18   Johnson's excessive-force claim.

---

24   [10] ECF No. 62 at 11.

25   [11] ECF No. 75 at 4 (citing *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990)).

26   [12] *Id.* at 4–7 (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441

27   U.S. 520, 535–39 (1979)).

28   [13] *Id.* at 6.

1                                      **Discussion**

2 **A.**        **Summary-judgment standards**

3       Summary judgment is appropriate when the pleadings and admissible evidence "show there

4 is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

5 law."[14] When considering summary judgment, the court views all facts and draws all inferences in

6 the light most favorable to the nonmoving party.[15] If reasonable minds could differ on the material

7 facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the

8 facts are undisputed and the case must proceed to the trier of fact.[16]

9       If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of

10 material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

11 showing that there is a genuine issue as to the material facts"; it "must produce specific evidence,

12 through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary

13 basis on which a reasonable fact finder could find in its favor.[17] The failure to oppose a motion for

14 summary judgment does not permit the court to enter summary judgment by default, but the lack of a

15 response is not without consequences.[18] As Rule 56(e) explains, "If a party fails . . . to properly

16 address another party's assertion of fact . . . the court may . . . consider the fact undisputed for

17 purposes of the motion," and "grant summary judgment if the motion and supporting

18 materials—including the facts considered undisputed—show that the movant is entitled to it. . . ."[19]

19

20

---

21 [14] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

22 [15] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

23
24 [16] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

25
26 [17] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

27 [18] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

28 [19] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

**B.     Excessive-force claims after *Kingsley v. Hendrickson***

Before *Kingsley*, courts evaluating pretrial detainees' excessive-force claims considered, at least in part, the subjective intent of the state actor.[20]   The *Kingsley* Court held that a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable;"[21] he need not show that the officer was subjectively aware that the force used was excessive or that he intended it to be excessive.   The Court identified several factors that may be relevant to this determination: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether plaintiff was actively resisting."[22]

Sgt. Kelly and Officer Terriquez maintain that their use of force against Johnson was reasonable because Johnson was behaving in a hostile manner and they wanted to ensure his actions did not incite the other unrestrained inmates in the module.[23]   When Johnson demanded to be moved to administrative segregation, Sgt. Kelly asked him if had gathered all of his possessions, to which Johnson defiantly answered something like "[y]ou run this mother fucking outfit, [so] you check."[24]   Though the video does not have audio, Johnson admitted at his deposition that he responded to Kelly's face "[y]ou run the MF, look for yourself"[25] in front of over a dozen nearby unsecured inmates.   Johnson also failed to comply with Officer Terriquez's commands to keep his face to the wall.[26]   The officers maintain that this defiant behavior in a jail setting committed in the midst of a

---

[20] *See Roper*, 901 F.2d at 1501..

[21] *Kingsley*, 135 S.Ct. at 2472.

[22] *Id.* at 2473 (internal citation omitted).

[23] ECF No. 91 at 8.

[24] ECF No. 91-3 at 2.

[25] ECF No. 64-2 at 13-14; ECF No. 65 at 17–18.

[26] ECF No. 91-3 at 2.

group of unrestrained inmates raised significant safety concerns for two unarmed correctional officers because it could have foreseeably incited other inmates to pose a safety or flight risk.[27]  The officers conclude that the additional force of pulling Johnson onto his stomach on the floor and restraining him by placing pressure on his back using their knees as they kneeled over him on the ground until back-up arrived mere seconds later was reasonable.

The video corroborates defendants' claim that there were other unrestrained inmates in the area.  The video also confirms the defendants' assertion that "Sergeant Kelly and Officer Terriquez did not hit, kick or strike [Johnson] in any way" or "use any weapons or impact tools."[28]  The only injury that Johnson claims to have suffered was pain in his ribs, and he testified that he "got real hot" and thought "he was going to pass out" while he was held on the ground.[29]

Having now evaluated Johnson's excessive-force claim under the objective standard set forth in *Kingsley*, I still find that defendants are entitled to summary judgment.  I find that the minimal amount of force that the officers used to put Johnson on the ground and hold him there until back-up arrived is objectively reasonable in light of the severity of the security risk posed in a module of unsecured inmates, which defendants reasonably perceived to be a threat; the lack of physical injury to Johnson; and Johnson's defiant behavior.  I therefore grant defendants' motion for summary judgment, re-enter judgment for defendants and against Johnson, and direct the Clerk of Court to close this case.

---

[27] ECF No. 91-3 at 1–2; ECF No. 91-5 at 5–6.

[28] ECF No. 65 at 19–21.

[29] *Id*. at 20.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendants' motion for summary judgment **[ECF No. 91] is GRANTED**; the Clerk of Court is instructed to ENTER JUDGMENT for defendants and against Johnson and to CLOSE THIS CASE.

Dated this 8th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge